40376.   BENTLEY, Commissioner v. C. & S. LOANS, INC.

DECIDED FEBRUARY 14, 1964—REHEARING DENIED
FEBRUARY 27, 1964.

*Eugene Cook, Attorney General, Howard P. Wallace, Coy R. Johnson, Mobley F. Childs, Assistant Attorneys General,* for plaintiff in error.

*G. L. Dickens, Jr., Irwin L. Evans,* contra.

BELL, Presiding Judge. The Industrial Loan Commissioner served written notice on C. & S. Loans, Inc. to show cause why the company's license under the Georgia Industrial Loan Act should not be revoked or suspended. The proceeding was brought under Section 12 of Ga. L. 1955, pp. 431-438 (*Code Ann.* § 25-312).

The specific charges which the Commissioner set forth in his show-cause order were as follows: "(a) At the time of this application and at the time of issuance of the license, no charter had been issued to C. & S. Loans Incorporated. (b) Section 7 of the Georgia Industrial Loan Act (Code Section 25-307 Geor-

gia Code Annotated) mandatorily requires that every application for a small loan license must be in writing on forms prescribed by the Commissioner. The writing on which this license was granted is not complete in that it does not show a completed balance sheet or the signature of the secretary of the Corporation and, therefore, does not meet the requirement of a form prescribed by the Commissioner as set out within this Section."

The section of the Industrial Loan Act under which the revocation or suspension of the defendant's license was sought specifically limits the authority of the Commissioner to suspend or revoke any license if the Commissioner finds: "(1) that the licensee has failed to pay the annual license fee, or any fee required under this Act, or (2) that the licensee knowingly has violated any of the provisions of this Act." It is to be seen at once that neither of these grounds was included in the Commissioner's written notice to the licensee. It necessarily follows that the Commissioner in proceeding upon grounds other than those authorized in seeking to revoke or to suspend the license acted in excess of his authority.

2. The Commissioner in his order did not undertake to do that which Section 12 of the Act authorizes, i.e., merely to "suspend or revoke any license" upon the authorized grounds, but went beyond the powers accorded him by law and decided that "license No. 1031 issued to C. & S. Loans, Inc. is invalid and void." As stated by counsel for the Commissioner in his brief, "The appeal to the Baldwin Superior Court was not based on the granting or refusing to grant a license or in the revocation or suspension of such license, but was merely the declaration that a license appearing officially in the records of the office of the Industrial Loan Commissioner was, in fact, void." With respect to the specific grounds detailed by the Commissioner in his written notice given the defendant, the record of the hearing before the present Commissioner shows that the predecessor Commissioner, whether wisely or unwisely, had preempted the exercise of the wide discretionary powers of the office by finding the application sufficient and the applicant qualified. Further, the authority of the office was exercised by the actual issuance of the license. These acts are binding on the incumbent.

The necessary result of the hearing held is that the present Commissioner in effect attempted to sit as an appellate reviewer of the actions of his predecessor so as to determine whether the former properly exercised his discretion and authority. This the Commissioner is not authorized to do in a proceeding "to suspend or revoke" a license.

3. In view of the holdings in Divisions 1 and 2 of this opinion to the effect that the hearing before the Commissioner was invalid, it is perhaps superfluous for us to say that none of the facts found would have supported the Commissioner's revoking or suspending a license had the hearing been a proper one. The predecessor Commissioner knew of the delay in the effective date of the beginning of the legal existence of the corporation, and he did not abuse his discretion in considering the matter cured by the subsequent completion of the incorporation proceedings. The method of financing, while certainly not an exemplary one, is not prohibited by the statute. The issuance of a license to an employee of the Commissioner's office, although admittedly a sorry and even reprehensible practice, nevertheless is not precluded by the Act. The application form was before the then Commissioner, and the factual determination as to its sufficiency was his alone to decide. While all of these facts found would have been material in the Commissioner's initial determination whether the license should have been issued or denied under *Code Ann.* § 25-308, they cannot be pertinent in an attempted later review of the grant of the license by the Commissioner under *Code Ann.* § 25-312.

*Judgment affirmed. Hall and Pannell, JJ., concur.*